CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 26 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MARCUS D. YOUNG, | ) | CASE NO. 7:12CV00110 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| | ) | |
| COMMONWEALTH, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendants. | ) | |

Marcus D. Young, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that officials have been forcing him to take medication against his will and that they used excessive force against him, in violation of his Eighth Amendment rights. After review of the complaint, the court summarily dismisses Young's action without prejudice for failure to state a claim.

I

Young is incarcerated at Marion Correctional Treatment Center ("MCTC"). His complaint is a rambling, handwritten narrative that is difficult to read. Liberally construed, it alleges that on March 5, 2012, MCTC officials forced Young to take medicine, sprayed him with tear gas, "hit" him with an electric "sheen," and put handcuffs on him.

Young's complaint also mentions his efforts to obtain release from MCTC: "I have been going to court again in Johnson City to get out of this institution [where people] are [holding] me again[st] my will." Young states that he was charged with first degree murder in Arlington for a crime he did not commit and that he was found not guilty 21 times.

## II

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Young's complaint must be summarily dismissed for failure to state any actionable claim under § 1983.

Young cannot sue the Commonwealth of Virginia under § 1983. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)). Therefore, the court dismisses all attempted claims against the Commonwealth.

Young also fails to state a § 1983 claim against the other defendant he names in his complaint, C.J. Angliker, M.D. While Dr. Angliker is a "person" for purposes of § 1983, Young does not state any facts concerning conduct this individual committed in violation of Young's rights, as necessary to state a claim under § 1983. West, supra. Because Young is proceeding pro se, the court could allow him to amend to correct this deficiency if it appeared that he could state any actionable claim.

It is clear from the face of Young's complaint, however, that his failure to exhaust administrative remedies bars him from bringing this § 1983 action. The Prison Litigation Reform Act ("PLRA") provides, among other things, that a prisoner cannot bring a civil action concerning prison conditions until he has first exhausted available administrative remedies.

Nussle v. Porter, 534 U.S. 516, 524 (2002). Failure to follow the required procedures of the prison's administrative remedy process or to exhaust all levels of administrative review is not "proper exhaustion" and will bar an inmate's § 1983 action. See Woodford v. Ngo, 548 U.S. 81, 90-94 (2006). "[W]here failure to exhaust is apparent from the face of the complaint," the court may summarily dismiss the complaint on that ground. Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 682 (4th Cir. 2005).

The court takes judicial notice of the fact that as a prison facility operated by the Virginia Department of Corrections (VDOC), MCTC has an established administrative remedies procedure for inmates to use, one step of which is filing a grievance. Young states on his complaint form itself that he has not filed any grievances about the events alleged.[1] Moreover, the court received Young's § 1983 complaint on March 7, 2012, only two days after the events of which he complains. Thus, Young did not have time to complete the grievance procedure as to these events before he placed his § 1983 complaint in the mail. As it is clear from Young's submissions that he did not comply with the exhaustion requirement of § 1997e(a) as required before filing this lawsuit, the court finds that Young is barred under § 1997e(a) from pursuing this lawsuit. For this reason, the court will not offer Young an opportunity to amend.

Finally, Young asserts that he is innocent of the first degree murder offense for which he is confined. If Young seeks to challenge the validity of his confinement under a state court judgment, he may do so in this court only by filing a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, after having first presented his claims to the highest state court for adjudication. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding that state prisoner challenging fact or duration of confinement and seeking release must raise such claim in habeas

---

[1] Young also submits a verified statement form on which he checks an option stating that he has exhausted administrative remedies and attached documentation. However, Young has not submitted any documentation to demonstrate that he has filed grievances about the claims in his complaint.

3

corpus proceeding, not a § 1983 action). Because Young offers no indication that he has exhausted state court remedies regarding the validity of his confinement pursuant to his conviction, the court will not construe his current submissions as a § 2254 petition.

For the reasons stated, the court dismisses Young's § 1983 complaint without prejudice, pursuant to § 1915A(b)(1), for failure to state a claim. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 23rd day of March, 2012.

/s/ Glen Conrad
Chief United States District Judge